UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA SANTIAGO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>GENERAL REVENUE CORPORATION,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

   CASSANDRA SANTIAGO
   339 Fox Run Circle
   Egg Harbor Township, New Jersey 08234

   GENERAL REVENUE CORPORATION
   4660 Duke Drive, Suite 200
   Mason, Ohio 45040

## PRELIMINARY STATEMENT

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, GENERAL REVENUE CORPORATION ("GENERAL REVENUE") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Atlantic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. GENERAL REVENUE maintains a location at 4660 Duke Drive, Suite 200, Mason, Ohio 45040.

8. GENERAL REVENUE uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. GENERAL REVENUE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent initial letters and/or notices from GENERAL REVENUE which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**)**.** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

  b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

    ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of

effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to March 1, 2021, Plaintiff allegedly incurred a financial obligation to CAPELLA UNIVERSITY ("CAPELLA").

19. The CAPELLA obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the CAPELLA obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The CAPELLA obligation did not arise out of a transaction that was for non-personal use.

22. The CAPELLA obligation did not arise out of transactions that were for business use.

23. The CAPELLA obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. CAPELLA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. On or about March 1, 2021, CAPELLA or its agent referred the CAPELLA obligation to GENERAL REVENUE for the purpose of collection.

26. Defendants caused to be delivered to Plaintiff a letter dated March 1, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

27. The March 1, 2021 letter was sent to Plaintiff in connection with the collection of the CAPELLA obligation.

28. The March 1, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The March 1, 2021 letter was the initial written communication that Plaintiff received from GENERAL REVENUE regarding the CAPELLA obligation.

30. No other written communication was received by Plaintiff from GENERAL REVENUE within five days of the March 1, 2021 letter.

31. Upon receipt, Plaintiff read the March 1, 2021 letter.

32. The March 1, 2021 letter provided the following information regarding the balance claimed due on the HSBC BANK obligation:

> Current Amount Due: $4514.00

33. On the front side of the March 1, 2021 letter, it stated in part:

> **NOTICE: Please see reverse side for important information**

34. On the reverse side of the March 1, 2021 letter, it stated in part:

> As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, as well as late charges and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here. If the amount stated here is paid, an adjustment may be necessary after a payment is received. In that event, notification will occur of any adjustments in the balance. Before any payment

intended to pay the balance in full happens, please contact us at the address on this letter or call (877) 295-9879.

\* The amount shown here may consist of penalties, late fees, court costs, or charges incurred or imposed by your creditor.

| ACCOUNT NUMBER | CREDITOR | PRINCIPAL | INTEREST | COLLECTION COST BALANCE | INTEREST RATE |
|---|---|---|---|---|---|
| 63255009 | CAPELLA UNIVERSITY | $4514.00 | N/A | 0.00 | N/A |

35. Defendant did not break-out or itemize the total balance presented to Plaintiff by principal, penalties, late fees, court costs or other charges.

36. As CAPELLA never filed a lawsuit on the CAPELLA obligation, court costs could not apply to the CAPELLA obligation.

37. Interest did not apply to the CAPELLA obligation; therefore, interest was never assessed.

38. Collection costs did not apply to the CAPELLA obligation; therefore, collection costs were never assessed.

39. As of the date of the March 1, 2021 letter, CAPELLA did not have the legal or contractual authority to assess late charges on the CAPELLA obligation. See <u>Hovermale v. Immediate Credit Recovery, Inc.</u>, 2016 WL 4157160 (D.N.J. August 4, 2016); <u>Hovermale v. Immediate Credit Recovery, Inc.</u>, 2018 WL 6322614 (D.N.J. December 4, 2018).

40. As of the date of the March 1, 2021 letter, GENERAL REVENUE did not have the legal or contractual authority to assess late charges on the CAPELLA obligation. See <u>Hovermale v. Immediate Credit Recovery, Inc.</u>, 2016 WL 4157160 (D.N.J. August 4, 2016); <u>Hovermale v. Immediate Credit Recovery, Inc.</u>, 2018 WL 6322614 (D.N.J. December 4, 2018).

41. CAPELLA never authorized GENERAL REVENUE to charge or add late charges to the balance of the CAPELLA obligation.

42. At some time prior to March 1, 2021, late fees ceased being charged or added to the balance of the CAPELLA obligation.

43. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

44. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response or know the amount actually owed to CAPELLA.

45. GENERAL REVENUE knew or should have known that its actions violated the FDCPA.

46. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

47. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Making a false representation of the character, amount or legal status of the debt;

   (d) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (e) Failing to effectively convey and/or contradicting the amount of the debt due.

48. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

49. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

50. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

51. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to interest, late charges, other charges and collection costs.

52. Defendants' representation that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

53. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

54. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to late charges.

56. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

57. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

58. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

59. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

60. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to late charges.

61. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

62. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional late charges when in fact the amount due would not and did not increase due to late charges.

63. As described herein, Defendants violated 15 U.S.C. § 1692e(5) by falsely representing the character, amount or legal status of any debt.

64. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

65. As described herein, Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

66. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

67. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

68. As described herein, Defendant's letter violated 15 U.S.C. § 1692g(a)(1).

69. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

71. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

72. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

73. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

74. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 12, 2021                                    Respectfully submitted,

By:     *s/ Joseph K. Jones*
          Joseph K. Jones, Esq. (JJ5509)
          JONES, WOLF & KAPASI, LLC
          375 Passaic Avenue
          Fairfield, New Jersey 07004
          Phone: (973) 227-5900
          Fax: (973) 244-0019
          *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 12, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
*Attorneys for Plaintiff*

# EXHIBIT

# A

# GENERAL REVENUE CORPORATION

4660 Duke Dr Suite 200 • Mason OH 45040-8466
www.GeneralRevenue.com

Date: MAR 01 2021

Account Number: ▮▮▮▮▮
Current Amount Due: $4514.00
Creditor: CAPELLA UNIVERSITY

Phone: (877) 295-9879

Hours of Operation - EST/EDT
Mon-Thurs  8:00AM - 7:00PM EST/EDT
Friday  8:00AM - 7:00PM EST/EDT

Dear CASSANDRA SANTIAGO:

Your account was referred to General Revenue Corporation by your creditor, CAPELLA UNIVERSITY, for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To ensure proper posting of payments, please include your Account Number, ▮▮▮▮▮ on your check. We have provided a return envelope for your convenience. You may also log into our website at www.GeneralRevenue.com to make a payment.

Please call (877) 295-9879 to discuss payment arrangements based upon the balance owed and your financial situation. We are willing to work with you to pay off this debt.

We may report information about your account to credit reporting agencies. Please call us today.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

NOTICE: Please see reverse side for important information

TO ENSURE PROMPT PROCESSING OF YOUR PAYMENT,
PLEASE DETACH AND MAIL THE BOTTOM PORTION OF THIS STATEMENT WITH YOUR PAYMENT

PO Box 1279 Dept. # 155899
Oaks, PA 19456

◄— DO NOT SEND PAYMENTS -OR-
CORRESPONDENCE TO THIS ADDRESS!

MAR 01 2021

☐ Please check here if there is a new phone # or address change and enter information on reverse side

PLEASE SEE REVERSE SIDE
TO PAY BY CREDIT CARD.

CASSANDRA SANTIAGO
339 FOX RUN CIR
EGG HARBOR TOWNSHIP NJ 08234-6517

General Revenue Corporation
PO Box 495999
Cincinnati OH 45249-5999

As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, as well as late charges and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here. If the amount stated here is paid, an adjustment may be necessary after a payment is received. In that event, notification will occur of any adjustment in the balance. Before any payment intended to pay the balance in full happens, please contact us at the address on this letter or call (877) 295-9879.

*The amount shown here may consist of penalties, late fees, court costs, or charges incurred or imposed by your creditor.

| ACCOUNT NUMBER | CREDITOR | PRINCIPAL | INTEREST | COLLECTION COST | BALANCE | INTEREST RATE |
|---|---|---|---|---|---|---|
| ▮▮▮▮ | CAPELLA UNIVERSITY | 4514.00 | N/A | | 0.00 | N/A |

---

**ACCOUNT NUMBER** ▮▮▮▮

**CURRENT AMOUNT DUE: $4514.00**

☐ PAYMENTS ENCLOSED     AMOUNT ENCLOSED $ _____     MY NEW ADDRESS IS:

☐ CHARGE MY: __ VISA  __ MasterCard  __ DISCOVER

Card Number: _____     Expires: ___ / ___

Number of Payments ___  Payment Amount(s) $ ___  Beginning: __ / __ / __

Signature _____

If multiple payments are authorized, your card will be charged on the same day of each month starting with the beginning date you specify. If that date is not a business day, your account will be charged on the next business day.

CASSANDRA SANTIAGO
339 FOX RUN CIR
EGG HARBOR TOWNSHIP NJ 08234-6517

Email: _____

Phone: _____

By providing your telephone number and/or email address, you authorize General Revenue Corporation, its affiliates and agents to contact you at such number or address using any means of communication, including but not limited to, calls placed to your cellular phone using an automated dialing device and/or calls using prerecorded messages, regarding any current or future accounts, debts, or obligations owned or serviced by General Revenue Corporation, its affiliates and agents, even if you will be charged by your service provider(s) for receiving such information.